FILED
SUPERIOR COURT
OF GUAM

2021 APR 28 PM 1: 23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>DAVID PEREZ, JR. aka David Taitano Perez, Jr.,<br><br>Defendant. | CRIMINAL CASE NO. CM0499-19<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 25, 2021, for hearing on Defendant David Perez, Jr. aka David Taitano Perez, Jr.'s ("Defendant") Motion to Dismiss Based on 9 GCA § 7.67(b) De Minimis. Present remotely via teleconference were Defendant with counsel, Assistant Public Defender Jocelyn Roden, and Assistant Attorney General Lenny Rapadas on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On November 8, 2019, Defendant was charged with one count of Family Violence (As a Misdemeanor) and one count of Unlawful Restraint (As a Misdemeanor). (Magistrate's Compl., Nov. 8, 2019). These charges stem from allegations that on or about November 7, 2019, Defendant punched his wife, Teresita Perez ("Teresita"), three times on her mouth and two times on the right side of her head. (Decl. of Christine Santos Tenorio, Magistrate's

Compl., Nov. 8, 2019). Defendant yelled at Teresita as she asked him to stop assaulting her. *Id.* She attempted to leave but Defendant grabbed her arm to prevent her from leaving. *Id.* She was able to flee from his grasp and drove to the police station. *Id.* GPD officers at the station observed that Teresita had a swollen upper lip, a laceration to her lip, redness on her upper arm and below her neck, and bruising and scratches on her forearms. *Id.* Defendant admitted to slapping Teresita, but claimed he did not remember what he did after. *Id.*

On December 23, 2020, Defendant filed the instant Motion to Dismiss. On February 23, 2021, the People filed their Opposition. No Reply was filed. On February 25, 2021, the Court heard additional arguments from the parties. At the hearing, Defendant further set forth that the Motion to Dismiss was supported by his wife. The Court subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law:

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v.* Perez, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a

conviction is considered to be inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A. § 7.67 commentary).

Defendant moves the Court to dismiss this matter pursuant to Section 7.67(b), arguing that Defendant's alleged conduct "did not cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." (Mot. Dismiss at 4, Dec. 23, 2020). In support of his Motion, Defendant attaches two exhibits referencing his current medical condition. The Government opposes, arguing that Defendant's actions in this case did actually cause the harm sought to be prevented. (Opp'n at 3-4, Feb. 25, 2021). The Government further notes Defendant's prior criminal history with the same victim. *Id.* at 4 (noting Defendant "plead guilty to a family violence charge and a violation of a court order in two (2) separate, earlier cases involving the same victim").

Section 7.67 is modeled after Model Penal Code § 2.12, which has been adopted by New Jersey, Maine, Hawaii, and Pennsylvania. *Id.* at ¶ 11; fn. 3. In *People v. Perez*, the Supreme Court of Guam looked to case law from New Jersey for guidance in evaluating a motion to dismiss pursuant to 9 G.C.A. § 7.67, citing *State v. Zarrilli*, 523 A.2d 284 (N.J. Super. Ct. Law Div. 1987), *aff'd*, 532 A.2d 1131 (N.J. Super. Ct. App. Div. 1987). *Id.* at ¶ 11. The *Zarrilli* court stated that "[t]he one question to be asked and answered in response to a de minimis motion is . . . What is the risk of harm to which society is exposed by defendant's conduct?" The *Zarrilli* court then set forth five factors to evaluate this question: (1) the circumstances surrounding the commission of the offense; (2) the existence of contraband; (3) the amount and value of property involved; (4) the use or threat of violence; and (5) the use of weapons. *Zarrilli*, 523 A.2d at 288.

Defendant argues that the risk of harm to which society is exposed to by his conduct is limited at this time because of his deteriorating health in light of Stage IV cancer and because he has been in and out of GBHWC for his Mood Disorder and is prescribed medication. (Mot.

Dismiss at 4). Defendant "maintains that dismissal is appropriate to prevent an absurd application of the criminal law." *Id.*

For purposes of this motion, the Court assumes as true all the factual allegations against Defendant. *See Perez*, 2004 Guam 4 ¶ 16 (quoting *Zarrilli*, 523 A.2d at 286) ("it must be assumed that the conduct charged actually occurred' because '[t]he motion does not provide a setting for a determination of guilt or innocence.'"). While the second, third, and fifth factors weigh in favor of Defendant as there are no allegations or indications of the use of drugs or presence of contraband, there are no allegations of property damage, nor is it alleged that any weapons were used, the Court is concerned about the first and fourth factors.

As to the first factor, the circumstances surrounding the commission of the offense, the Court notes that the alleged incident(s) took place after Teresita went to Defendant's residence to bring him food. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Nov. 8, 2019). When Defendant complained about the food, Teresita told him that she wanted peace. *Id.* In response, Defendant punched her three times on her mouth and two times on the right side of her head. *Id.* Defendant further tried to prevent her from leaving by grabbing her arms. *Id.* This was an unprovoked assault on the alleged victim, which resulted in a swollen upper lip, a laceration to her lip, redness on her upper arm and below her neck, and bruising and scratches on her forearms. *See id.* These actions involved the use of violence which resulted in some bodily injury to Teresita. *See* 9 G.C.A. § 30.10(c); 16 G.C.A. § 16.10(b) ("Bodily Injury means physical pain, illness, unconsciousness or any impairment of physical condition.").

The Court recognizes that Defendant faces significant health issues at this time, however, it does not find that the actions alleged "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." 9 G.C.A. § 7.67(b). This matter will not be dismissed.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Based on 9 GCA § 7.67(b) De Minimis. A remote Status Hearing is set for **May 10, 2021** at

*People v. Perez*
Case No. CM0499-19
Decision and Order

**10:30 a.m.** To appear for this remote hearing by teleconference, dial **969-7000** and enter meeting ID number **116-7473-0337.**

       **IT IS SO ORDERED** this 28th day of April, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

*AG, PDSC*

Date: 4·28·21 Time: 1:32pm

Deputy Clerk, Superior Court of Guam